UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAY XIONG YANG,

               Plaintiffs,

   v.                                                     Case No. 25-cv-0753-bhl

STATE OF WISCONSIN, et al,

               Defendants.

## ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

      On May 23, 2025, Plaintiff Kay Xiong Yang filed this lawsuit against the State of Wisconsin, James K. Muehlbauer, Steven M. Cain, Sandy A. Williams, Adam Y. Gerol, Kristian Kanekoa Lindo, Kristin L. Studinski-Toryfter, Scot Fink, Sara Schmeling, Marinosci Law Group PC, U.S. Bank National Association, Select Portfolio Serving Inc., and Does 1–100. (ECF No. 1.) Attached to the filing are almost 300 pages of additional documents, consisting of charging documents, hearing transcripts, and related materials from a state court criminal case. (ECF No. 1-3.) Yang has paid the filing fee, and the case is currently assigned to Magistrate Judge Stephen C. Dries.

      On May 28, 2025, Yang filed a combined motion for temporary restraining order (TRO) and preliminary injunction through which she asks this Court to enjoin the state court from proceeding with her sentencing on June 19, 2025. (ECF No. 2.) She also asks the Court to vacate her state court conviction and restore property taken during criminal proceedings. (*Id.*) She maintains that the state court proceedings have violated constitutional rights. (*Id.*) The case was referred to a District Judge solely for review of this motion.

## ANALYSIS

      Yang's motion requests that this Court interfere with her state court criminal matter and is therefore barred by the Anti-Injunction Act, 28 U.S.C. §2283, and *Heck v. Humphrey*, 512 U.S. 477 (1994). The Anti-Injunction Act prohibits federal courts from granting "an injunction to stay

proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." §2283. *Heck* is an abstention doctrine that precludes this Court from adjudicating a claim against someone charged and convicted of criminal activity, if a decision in that person's favor would "necessarily imply the invalidity of [her] conviction or sentence," unless and until the plaintiff shows that her "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. *Heck* applies to requests for injunctive relief. *Bell v. Raoul*, 88 F.4th 1231, 1233–34 (7th Cir. 2023).

Yang's requests for relief are plainly barred by the Anti-Injunction Act and *Heck*. She first asks the Court to enjoin the state's scheduled June 19, 2025 sentencing, a request expressly prohibited by the Anti-Injunction Act. While the Anti-Injunction Act identifies three exceptions to its coverage, none of those exceptions applies here. There is no Congressional statute permitting a federal court to enjoin a state criminal proceeding. And there is no federal-court judgment that Young's state-court sentencing could possibly infringe. The second exception, "where necessary in aid of its jurisdiction," refers primarily to *in rem* actions where the state-court proceeding would impair or defeat federal jurisdiction. *United States v. Alkaramla*, 872 F.3d 532, 534–35 (7th Cir. 2017). Because the state court sentencing does not prevent this Court from adjudicating a case, this exception does not apply.

Yang's second request, that the Court vacate her conviction and restore property taken by the state in the course of her criminal proceedings, is barred by a straightforward application of *Heck*. The Court cannot issue an order invalidating her conviction. This does not mean Yang is without remedy if her constitutional rights were violated. But Yang must pursue any such arguments during her criminal case and on appeal of her conviction. She could also seek federal relief in the form of a petition for writ of habeas corpus *after* she exhausts her state court remedies.

Yang's motion for a temporary restraining order and preliminary injunction will be denied, and the case will be returned to Judge Dries for further proceedings.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 2, is **DENIED**.

Dated at Milwaukee, Wisconsin on June 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge