# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KAY XIONG YANG,

     Plaintiff,

     v.                                     Case No. 25-CV-753-SCD

STATE OF WISCONSIN,
JAMES K. MUEHLBAUER,
STEVEN M. CAIN,
SANDY A. WILLIAMS,
ADAM Y. GEROL,
KRISTIAN K. LINDO,
KRISTIN L. STUDINSKI-TORYFTER,
SCOT FINK,
SARA SCHMELING,
MARINOSCI LAW GROUP, P.C.,
U.S. BANK NATIONAL ASSOCIATION,
SELECT PORTFOLIO SERVICING, INC., and
DOES 1–100,

     Defendants.

---

## DECISION AND ORDER ON THE DEFENDANTS' MOTIONS TO DISMISS

---

After Kay Xiong Yang's Wisconsin home was sold to a third party at a public auction pursuant to a state foreclosure judgment, Yang tried to protect her alleged ongoing interest in the home by filing liens against the property. That conduct led to state criminal charges and, ultimately, a judgment convicting Yang of four counts of criminal slander of title. Yang attempted to challenge both judgments in state court. When she struck out there, she turned to federal court for relief, filing a complaint against seemingly anyone and everyone who had a hand in the state proceedings. Yang asserts claims for civil rights violations, fraud and conspiracy, and malicious prosecution.

All the defendants (save for one) have moved to dismiss the complaint on various grounds. To the extent Yang seeks to overturn her state-court judgments, this court lacks jurisdiction over those claims. Yang's other claims fail because (among other reasons) many of the individual actors are immune from suit, several of her claims imply the invalidity of her state conviction, and probable cause existed for those state criminal charges. Accordingly, I will grant the defendants' motions to dismiss.

## BACKGROUND[1]

In 2018, Kay Xiong Yang used a private loan to purchase a home located in Mequon, Wisconsin. *See* Compl. Ex. N, ECF No. 1-3 at 207. Yang refinanced the following year with a loan from Parkside Lending, LLC. *See id.* She executed a note promising to repay Parkside the principal balance of the loan ($807,000.00) plus interest and secured the loan with a mortgage, which was recorded with the Ozaukee County register of deeds office. *See* Defs.' Br. Ex. A, ECF No. 9-1 at 15–52.[2] Parkside subsequently assigned the mortgage to U.S. Bank National Association in the care of Select Portfolio Servicing, Inc. *See id.* at 49–52.

In June 2021, U.S. Bank filed a foreclosure action against Yang and her husband in Ozaukee County Circuit Court, the Honorable Steven M. Cain presiding. *See* Compl., at 3, 13–17; Compl. Ex. N, ECF No. 1-3 at 207; *see also* Defs.' Br. Ex. A, ECF No. 9-1 at 16–24. U.S. Bank was represented in the foreclosure action by Marinosci Law Group, P.C., and one of the firm's attorneys, Sara Schmeling. After Yang failed to respond to the foreclosure

---

[1] In analyzing the defendants' motions to dismiss, I consider the complaint and any exhibits attached thereto. *See Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 519 (7th Cir. 2025) (citing Fed. R. Civ. P. 10(c)).

[2] I can consider the state foreclosure complaint and its attached exhibits without converting the defendants' motion to dismiss to a motion for summary judgment because Yang references the foreclosure action throughout her complaint, *see* Compl., at 4–6, 13–17, 23–25, ECF No. 1, and the filing of that action is central to her claims. *See Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013) ("noting that a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice.").

complaint, Judge Cain granted U.S. Bank's motion for default judgment and ordered that the Mequon property be sold at a public action under the direction of the Ozaukee County sheriff. *See* Defs.' Br. Ex. B, ECF No. 9-1 at 53–59. The property was sold to Scot Fink for just over $1 million. *See* Compl., at 5–6; Compl. Ex. G, ECF No. 1-3 at 108–11. In August 2022, Judge Cain granted U.S. Bank's motion to confirm the sheriff sale. *See* Defs.' Br. Ex. C., ECF No. 9-1 at 60–63.

Thereafter, Yang unsuccessfully sought relief from the foreclosure judgment in state court. Judge Cain denied Yang's requests to reconsider the foreclosure judgment and to set aside the sheriff sale. *See* Defs.' Br. Ex. D, ECF No. 9-1 at 64–69. The Wisconsin Court of Appeals dismissed Yang's appeal. *See* Defs.' Br. Ex. E, ECF No. 9-1 at 70–71. And Yang did not seek review by the Wisconsin Supreme Court. *See* Defs.' Br., at 4, ECF No. 9.

Meanwhile, law enforcement—including Mequon police officer Kristin L. Studinski-Toryfter—served Yang with an eviction notice at the Mequon property. *See* Compl., at 16–17; Compl. Ex. K, ECF No. 1-3 at 126; Compl. Ex. N, ECF No. 1-3 at 209. Yang and her family, however, refused to vacate the premises. Officer Studinski-Toryfter and other officers then forcibly entered the home and removed the Yangs' belongings.

In January 2024, the State of Wisconsin charged Yang with four counts of criminal slander of title after she placed liens on the Mequon property. *See* Compl. Ex. K, ECF No 1-3 at 124–29. The criminal complaint was based on Officer Studinski-Toryfter's reports and a review of public records. It was signed by Kristian K. Lindo, an assistant district attorney with Ozaukee County; at the time, the district attorney for Ozaukee County was Adam Y. Gerol.[3]

---

[3] Gerol subsequently became a judge in Ozaukee County and presided over the foreclosure action. *See* Compl., at 28.

The Honorable Sandy A. Williams issued a warrant for Yang's arrest and, after Yang appeared in state court, imposed a $100,000.00 cash bail and ordered Yang not to file any documents in any U.S. court without the judge's permission. *See* Compl., at 3, 19–20; *see also* Compl. Ex. A, ECF No. 1-3 at 6–10; Compl. Ex. N, ECF No. 1-3 at 213–14. The case was later reassigned to the Honorable James K Muehlbauer, and it proceeded to trial with Yang representing herself with the help of standby trial. *See* Compl., at 3, 5–6, 12; Compl. Ex. N, ECF No. 1-3 at 211, 214–15. Officer Studinski-Toryfter, Fink, and others testified at the trial. The jury found Yang guilty of all four counts.

In May 2025, Yang filed a federal complaint against the State of Wisconsin, Judge Muehlbauer, Judge Cain, Judge Williams, Judge Gerol, ADA Lindo, Officer Studinski-Toryfter, Fink, Attorney Schmeling, Marinosci Law Group, U.S. Bank, Select Portfolio Servicing, and Does 1–100. Yang, who is representing herself in this action, also filed a motion requesting the federal district court to enjoin the state court from proceeding with sentencing, to vacate her state criminal conviction, and to restore the Mequon property to her. *See* Pl.'s Mot., ECF No. 2. Judge Ludwig denied the request, *see* Order, ECF No. 11, and Yang was sentenced to several years in prison, *see State v. Yang*, Ozaukee County Circuit Court Case No. 2024CF31 (available at http://wcca.wicourts.gov).[4] Back in federal court, Fink, who doesn't have a lawyer himself, responded to the complaint. *See* Answer, ECF No. 19. All other defendants have moved to dismiss it pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* ECF Nos. 8, 22, 25 & 33.

---

[4] I may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases where courts took judicial notice of public records and government records).

**DISCUSSION**

Yang's scattershot complaint generally contains the following allegations. She questions the legitimacy of the state foreclosure action, alleging that it was based on forged documents and a non-existent mortgage with U.S. Bank. *See* Compl., at 4–20. Yang says that, when she attempted to expose the fraudulent foreclosure scheme and protect her legitimate interest in the Mequon property, the defendants retaliated with bogus criminal charges. According to Yang, state judges and prosecutors then obstructed her defense and suppressed the truth, which led to her wrongful conviction. *See id.* at 20–23. She brings claims for various civil rights violations, fraud and conspiracy, and malicious prosecution. *See id.* at 23–26.[5] Ultimately, Yang seeks to set aside the foreclosure action and the sheriff sale and to return the Mequon property to its "rightful" owner: her. *See id.* at 27, 35–38.

Each defendant argues that the federal district court lacks jurisdiction over Yang's claims. *See* Fed. R. Civ. P. 12(b)(1). "Under 28 U.S.C. § 1257(a), only the Supreme Court is 'vested with appellate authority over state courts.'" *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024) (en banc) (quoting *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016)). "The *Rooker-Feldman* doctrine recognizes that Congress has not 'authorize[d] district courts to exercise appellate jurisdiction over state-court judgments.'" *Id.* (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002)). According to the *Rooker-Feldman* doctrine, "district courts should disclaim jurisdiction only in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

---

[5] It is somewhat unclear which claims Yang is pursuing against which defendant(s).

5

judgments.'" *Id.* at 766 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

This court lacks jurisdiction over Yang's foreclosure claims. Those claims center on Yang's assertion that the foreclosure judgment is void because it was based on forged documents and a non-existent mortgage. To remedy the alleged fraud, Yang seeks to have the Mequon property—which was sold to a third party (Fink) years ago—returned to her. Because awarding that relief would require me to reverse the state court's foreclosure judgment, the *Rooker-Feldman* doctrine bars Yang's claims for unlawful seizure, deprivation of property without due process, and fabrication of foreclosure documents, at least to the extent she seeks property restoration. *See Muhammad v. Lone Star Funds*, No. 24-1730, 2024 WL 4986851, 2024 U.S. App. LEXIS 30682, at *3–5 (7th Cir. Dec. 5, 2024) (affirming the dismissal of a plaintiff's claim "that the defendants engaged in a conspiracy to remove him unlawfully from his property" to the extent the plaintiff sought to set aside state-court eviction proceedings); *Cole v. Faulkner*, No. 24 C 12117, 2025 WL 1359054, 2025 U.S. Dist. LEXIS 88906, at *6 (N.D. Ill. May 9, 2025) ("Here, Cole requests as relief that the Court declare certain state-court proceedings void and undo state eviction actions—that is not allowed under *Rooker-Feldman*.").

The *Rooker-Feldman* doctrine, however, does not bar Yang's other claims. In *Gilbank*, the Seventh Circuit held that the *Rooker-Feldman* doctrine does not apply in cases where the plaintiff seeks monetary damages for injuries stemming from a state-court judgment and a monetary award would not nullify that judgment. *Gilbank*, 111 F.4th at 791–98 (Kirsch, J., concurring in part). Here, Yang seeks—in addition to the immediate return of the Mequon home—compensatory and other damages for the alleged violation of various constitutional

6

rights. *See* Compl., at 13, 27, 36–37. Those damages claims survive a *Rooker-Feldman* challenge.

Nevertheless, Yang's remaining claims fail for other reasons. Yang alleges that she was denied counsel during her state criminal proceedings and that Judge Muehlbauer had her committed for a competency evaluation against her will, prevented her from presenting exculpatory evidence, and gave improper jury instructions. *See* Compl., at 10–13, 21, 24–26, 29. "[J]udges are entitled to absolute immunity from damages for their judicial conduct." *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29 (1988)). However, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Bradley v. Fisher*, 80 U.S. 335, 351 (1872)). Because Yang challenges actions Judge Muehlbauer took in his judicial capacity, and because there is no suggestion that Judge Muehlbauer acted in the absence of all jurisdiction, he is entitled to absolute judicial immunity from Yang's damages claims.

Similarly, Yang alleges that the State withheld and suppressed exculpatory evidence during her criminal proceedings. *See* Compl., at 3–4, 8–10, 16, 20–21, 25–26, 29. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). "Prosecutorial immunity attaches to the failure to comply with disclosure obligations and the suppression of evidence, the initiation of a criminal prosecution, the evaluation and preparation of evidence collected by the police for presentation at trial, and court appearances to obtain search warrants." *Brown v. City of*

7

*Chicago*, 633 F. Supp. 3d 1122, 1153 (N.D. Ill. 2022) (quoting *Heidelberg v. Manias*, 503 F. Supp. 3d 758, 779–80 (C.D. Ill. 2020)). Here, the challenged action—the alleged non-disclosure of exculpatory evidence—is prosecutorial in nature. ADA Lindo and then-DA Gerol are therefore entitled to absolute prosecutorial immunity from Yang's damages claims.

Yang's final claim is that she was unfairly prosecuted for pointing out the allegedly fraudulent foreclosure action. *See* Compl., at 7–10, 17–19, 25–26. Her claim fails to the extent she pursues a malicious prosecution theory of liability. "To maintain that Fourth Amendment claim under [42 U.S.C.] § 1983, a plaintiff such as [Yang] must demonstrate, among other things, that [she] obtained a *favorable termination* of the underlying criminal prosecution." *Thompson v. Clark*, 596 U.S. 36, 39 (2022) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 & n.4 (1994)). Favorable termination is also an element of a state malicious prosecution claim. *See Nelson v. Bulso*, 149 F.3d 701, 703 (7th Cir. 1998) ("Malicious prosecution occurs when the defendant initiates legal proceedings without probable cause; this must have been done maliciously, and the proceedings must have terminated in the plaintiff's favor." (citing *Strid v. Converse*, 331 N.W.2d 350, 353–54 (Wis. 1983))). Because Yang's state conviction for criminal slander of title has not been set aside, she cannot now pursue a malicious prosecution claim in federal court. *See Williams v. City of Aurora*, No. 24-1635, 2025 WL 2083118, 2025 U.S. App. LEXIS 18382, at *9–10 (7th Cir. July 24, 2025) (affirming the dismissal of a malicious prosecution claim because the plaintiff was convicted of the challenged prosecution). Moreover, the state prosecutors are absolutely immune from suit for their charging decisions. *See Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." (citing *Imbler*, 424 U.S. at 427)).

At times, Yang presents her final claim as a retaliatory prosecution in violation of the First Amendment. *See* Compl., at 7–8, 10, 17–21, 23, 25, 28, 34–36. "First Amendment retaliation claims and malicious prosecution claims are fundamentally different causes of action." *Towne v. Donnelly*, 44 F.4th 666, 673 (7th Cir. 2022) (quoting *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016)). Favorable termination is not an element of a First Amendment retaliation claim; rather, "to bring a retaliatory prosecution claim under the First Amendment, a plaintiff need only plead and prove an absence of probable cause for the underlying charge." *Id.* (citing *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006); *Williams v. City of Carl Junction*, 480 F.3d 871, 877 n.4 (8th Cir. 2007)). Although Yang alleges a lack of probable cause for the criminal slander of title charges, *see* Compl., at 7–10, her conviction of all four charges conclusively establishes that probable cause was not lacking, *see Wenzel v. Christopherson*, No. 16-C-1236, 2017 WL 1906743, 2017 U.S. Dist. LEXIS 69902, at *8–13 (E.D. Wis. May 8, 2017) (dismissing a retaliatory prosecution claim where an administrative law judge's findings established conclusive evidence that the plaintiff had violated the conditions of his supervision). Moreover, Yang pleads no non-conclusory facts suggesting a connection between her actions in the civil foreclosure action and the decision to bring criminal charges. *See Gekas*, 814 F.3d at 895 (explaining that to establish a claim for First Amendment retaliation, the plaintiff must show (among other things) that "the First Amendment activity was at least a motivating factor in the defendants' decision to retaliate." (quoting *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012))).

Yang's claims face other hurdles. The Wisconsin state courts have already rejected Yang's challenge to the legitimacy of the foreclosure documents. *See Fannie Mae v. Thompson*, 2018 WI 57, ¶ 30, 912 N.W.2d 364, 369 ("Under the doctrine of claim preclusion, 'a final

judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings.'" (quoting *N. States Power Co. v Bugher*, 525 N.W.2d 723, 727 (Wis. 1995))). Yang has failed to demonstrate sufficient proof of service as to several of the defendants. *See* Fed. R. Civ. P. 4(l). The State of Wisconsin is entitled to sovereign immunity. *See* U.S. Const. amend. XI. And the individual state actors likely are entitled to qualified or absolute immunity. *See Campbell v. Kallas*, 936 F.3d 536, 545 (7th Cir. 2019) ("Qualified immunity protects government officials from damages liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting *Estate of Clark v. Walker*, 865 F.3d 544, 549–50 (7th Cir. 2017))); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) ("Non judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct." (citing *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980))).

## CONCLUSION

In sum, Yang cannot pursue federal relief for any of the claims asserted in her complaint. The *Rooker-Feldman* doctrine bars this court from considering Yang's claims to the extent she seeks restoration of the Mequon property. Most of the individual defendants are absolutely immune from suit for Yang's damages claims. And the fact that Yang was convicted in state court and that her conviction has not been set aside means that her remaining damages claims must fail. Accordingly, for all the foregoing reasons, the court **GRANTS** the motion to dismiss filed by U.S. Bank National Association and Select Portfolio Servicing, Inc., ECF No. 8; the motion to dismiss filed by the State of Wisconsin, James K. Muehlbauer,

10

Steven M. Cain, Sandy A. Williams, Adam Y. Gerol, and Kristian K. Lindo, ECF No. 22; the motion to dismiss filed by Marinosci Law Group, P.C., and Sara Schmeling, ECF No. 25; and the motion to dismiss filed by Kristin L. Studinski-Toryfter, ECF No. 33; The court **DENIES** the plaintiff's motion for comprehensive stay of all state proceedings, ECF No. 48.

Defendant Scot Fink has not filed a consent form. If he files such a form within 14 days, I will issue an order regarding claims against him. Otherwise I will refer the case to a district judge.

**SO ORDERED** this 27th day of March, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

11