KAY XIONG YANG,

      Plaintiff,

      v.

STATE OF WISCONSIN,
JAMES K. MUEHLBAUER,
STEVEN M. CAIN,
SANDY A. WILLIAMS,
ADAM Y. GEROL,
KRISTIAN K. LINDO,
KRISTIN L. STUDINSKI-TORYFTER,
SCOT FINK,
SARA SCHMELING,
MARINOSCI LAW GROUP, P.C.,
U.S. BANK NATIONAL ASSOCIATION,
SELECT PORTFOLIO SERVICING, INC., and
DOES 1–100,

      Defendants.

Case No. 25-CV-753-SCD

## SCREENING ORDER REGARDING DEFENDANT FINK

After Kay Xiong Yang's Wisconsin home was sold to Scot Fink (and his business entities) at a public auction pursuant to a state foreclosure judgment, Yang tried to protect her alleged ongoing interest in the home by filing liens against the property. *See* Compl., ECF No. 1; *see also* Compl. Exs., ECF No. 1-3. That conduct led to state criminal charges and, ultimately, a judgment convicting Yang of four counts of criminal slander of title. Yang attempted to challenge both judgments in state court. When she struck out there, she turned to federal court for relief, filing a complaint against twelve named defendants: State of Wisconsin, James K. Muehlbauer, Steven M. Cain, Sandy A. Williams, Adam Y. Gerol,

Kristian Kanekoa Lindo, Kristin L. Studinski-Toryfter, Scot Fink, Sara Schmeling, Marinosci Law Group, P.C., U.S. National Bank Association, and Select Portfolio Servicing, Inc.

All the defendants (save for one) moved to dismiss the complaint on various grounds. *See* ECF Nos. 8, 22, 25 & 33. I recently granted those motions. *See* Decision & Order on Defs.' Mots. Dismiss, ECF No. 56. And Yang has appealed that order. *See* Notice of Appeal, ECF No. 57.

One defendant remains: Scot Fink, the buyer of Yang's foreclosed property. Fink filed an answer, *see* ECF No. 19, but he has not retained counsel nor moved to dismiss. Nevertheless, review of the complaint indicates that its allegations against Fink suffer from defects similar to those identified with respect to the other defendants. The complaint alleges that Fink committed perjury during state-court proceedings, obstructed justice, and otherwise committed a fraud on the court. The *Rooker-Feldman* doctrine bars those claims to the extent Yang seeks to set aside the foreclosure action and the sheriff sale and to return the Mequon property to her. *See Muhammad v. Lone Star Funds*, No. 24-1730, 2024 WL 4986851, 2024 U.S. App. LEXIS 30682, at *3–5 (7th Cir. Dec. 5, 2024) (affirming the dismissal of a plaintiff's claim "that the defendants engaged in a conspiracy to remove him unlawfully from his property" to the extent the plaintiff sought to set aside state-court eviction proceedings); *Cole v. Faulkner*, No. 24 C 12117, 2025 WL 1359054, 2025 U.S. Dist. LEXIS 88906, at *6 (N.D. Ill. May 9, 2025) ("Here, Cole requests as relief that the Court declare certain state-court proceedings void and undo state eviction actions—that is not allowed under *Rooker-Feldman*.").

The complaint also fails to state a plausible damages claim against Fink. Even if the allegations in the complaint are true, those allegations do not implicate any *federal* causes of

2

action because Fink, a private citizen, is not (plausibly) alleged to have acted under color of state law—he is in essence a *bona fide* private purchaser. Merely cloaking a private individual's activities in conspiratorial terms that suggest he was in league with law enforcement, the prosecution, the judge, *et al.,* does not translate the claim into some kind of civil rights infraction.

Accordingly, I will dismiss the claim(s) against Fink *sua sponte* under the court's inherent authority and 28 U.S.C. § 1915(e)(2)(B)(ii).[1] *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))). Because the court has now resolved all claims against all parties, *see* Fed. R. Civ. P. 54(b), the clerk of court shall enter judgment that this entire action is **dismissed with prejudice** and that Yang shall take nothing from any of the defendants by her complaint.

**SO ORDERED** this 30th day of April, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

---

[1] Both Yang and Fink have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 14 & 58.